IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DREVION MARBLEY                                                              PETITIONER

v.                              NO. 4:19-cv-00301 KGB/PSH

WENDY KELLEY, Director of the                                                RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Drevion Marbley ("Marbley") began the case at bar by filing what appeared to be a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Docket Entry 1. In the petition, he attacked his conviction in an unidentified case from an unidentified jurisdiction.

Marbley did not accompany his petition with the requisite filing fee or otherwise obtain permission to proceed in forma pauperis. The undersigned apprised him of his oversight and directed him to either pay the filing fee or file an application to proceed in forma pauperis. See Docket Entry 2. In the same order, the undersigned noted that Marbley did not use the standard form for filing a petition pursuant to 28 U.S.C. 2254. He instead wrote his petition out in longhand on plain, lined paper. Because use of the form is extremely beneficial, as it prompts the petitioner to provide information about the conviction under attack, Marbley was sent the form and encouraged to re-submit his petition on the form.

Marbley eventually paid the filing fee. See Docket Entry 3. In the typical case, the undersigned would have immediately ordered the petition served. This case, though, is atypical because Marbley did not use the standard form in filing his petition and did not provide information about the conviction under attack. For instance, Marbley did not identify his custodial agent, the offenses he was convicted of committing, or the name and location of the court that entered the judgment of conviction under attack. He was afforded another opportunity to re-submit his petition

on the form or otherwise provide information about the conviction under attack. See Docket Entry 5.

Marbley also filed a pleading that was construed as a motion to amend. See Docket Entry 4. Although the motion was later denied, it contained some information about the conviction under attack. For instance, he identified the offenses he was convicted of committing, the name of his attorney, and the name of the deputy prosecuting attorney. Given those representations, the undersigned assumed that Marbley was attacking his Pulaski County Circuit Court conviction in case number 2018-2449.

The undersigned gave Marbley an opportunity to re-submit his petition on the standard form, but he failed to do so. The undersigned then ordered the petition served on respondent Wendy Kelley ("Kelley"), whom the undersigned believed to be Marbley's custodial agent. See Docket Entry 6. In the order, Marbley was notified of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. He was specifically notified of Local Rule 5.5(c)(2), which provides, in part, as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. … If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. …

Kelley thereafter obtained an extension of time to file a response to the petition. The granting of the motion is noteworthy because a copy of the order sent to Marbley could not be delivered as he was no longer at the address he provided at the time he began this case. See Docket Entry 10.

Kelley eventually filed the pending motion to dismiss. See Docket Entry 11. In an accompanying brief, she maintained that the petition should be dismissed without prejudice for the following reasons:

> … [Marbley] has failed to correct the deficiencies as order by this Court; consequently, the petition, as submitted, fails to demonstrate a plausible claim for relief. It fails to identify the judgment or convictions it attacks; it is not signed or verified; its allegations, even liberally construed, are too conclusory to plausibly state a claim of constitutional error; and its allegations do not show, as they must, that Marbley has exhausted his state remedies. And, beyond the facial insufficiencies, public records affirmatively demonstrate that Marbley, by his counsel, is presently exhausting the ordinary course of state remedies that are available for review of the judgment that the Court assumes to be at issue here. The Court, therefore, cannot award Marbley the relief he ostensibly seeks, and his petition should be dismissed without prejudice.

See Docket Entry 12 at CM/ECF 17.

Before giving serious consideration to Kelley's assertions, the undersigned gave Marbley up to, and including, September 2, 2019, to file a response. See Docket Entry 13. Marbley was asked to explain why his petition should not be dismissed for the reasons offered by Kelley. Marbley was also again notified of his obligation to comply with Local Rule 5.5(c)(2) and warned that his failure to comply with the rule might be considered as a reason for recommending the dismissal of his petition. A copy of the order sent to Marbley could not be delivered as he was no longer at the address he provided at the time he began this case.. See Docket Entry 14.

September 2, 2019, has now come and gone without a response from Marbley to Kelley's motion to dismiss. His failure to file a response may be due, in some part, to his failure to know of her motion. Although the undersigned could use his failure to provide his new address as a reason for recommending the dismissal of his petition, the

4

undersigned instead recommends that Kelley's motion be granted and his petition be dismissed without prejudice. His direct appeal in case number 2018-2449 is presently before the state appellate courts, and this petition is premature.

The undersigned begins by noting that Kelley filed her motion, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] She accompanied her motion with several exhibits, all of which are either court records or the results of a search for the state criminal cases in which Marbley has been, or is, named as a defendant. Kelley maintains, and the undersigned agrees, that the exhibits are part of the public record and may be considered without converting her motion into one for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Docket Entry 12 at CM/ECF 2, n.1 [citing Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978), Miller v. Redwood Toxicology Laboratory, Inc., 688 F.3d 928 (8th Cir. 2012), Stahl v. United States Department of Agriculture, 327 F.3d 697 (8th Cir. 2003)].

In support of Kelley's motion to dismiss, she represents the following, all of which is supported by the record and is accepted as true for purposes of these Findings and Recommendation:

> … Marbley is confined in [Kelley's] custody in the Grimes Unit of the Arkansas Department of Correction in Newport, Arkansas. [Marbley] is serving an enhanced sentence of 35 years' imprisonment for the felony offenses of robbery and first-degree battery charged in Pulaski County

---

[1] "The Federal Rules of Civil Procedure apply in the habeas context to the extent that they are not inconsistent with the Habeas Corpus Rules." See Woodford v. Garceau, 538 U.S. 202, 203 (2003). The undersigned knows of nothing in the Habeas Rules contradicting Federal Rule of Civil Procedure 12(b)(6).

Kelley also filed her motion to dismiss pursuant to Rules 2(d) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, rules that permit a court to dismiss a petition if it does not substantially follow either the form appended to the Rules or a form prescribed by a local district court rule. Although Marbley's petition does not substantially follow the form appended to the Rules or follow a form prescribed by the Local Rules of the Eastern District of Arkansas, the dismissal of his petition is not being recommended for that reason.

> Circuit Court in the case of State of Arkansas v. Drevion Marbley, 60CR-18-2449. Marbley's convictions and sentences for those offenses were imposed following a jury trial, and the final amended judgment in the case was entered of record on March 26, 2019. See Exhibit 1 at 1; Exhibit 2 at 17.
>
> With the assistance of counsel, Marbley presently is pursuing a direct appeal of the convictions, and in a motion filed on July 7, 2019, Marbley sought to extend the time for filing his initial brief in that appeal. See Exhibit 2 at 16-17 (entries on February 21, 2019, and March 8, 2019, reflecting filing of notices of appeal on trial court docket); Exhibit 4 at 1-22 (partial record of appeal in CR-19-432 reflecting that it related to the notice of appeal and the judgments filed in No. CR-18-2449); Exhibit 3 at 5 (entry reflecting filing of extension motion on July 7, 2019). ... [T]he docket indicates that the state appellate court has granted the motion and has extended the filing deadline for Marbley's opening brief to August 19, 2019. [See] Exhibit 3 at 5 (entry on July 9, 2019, reflecting order extending deadline for brief to August 19, 2019); Exhibit 5 (order extending deadline). [Footnote omitted].

See Docket Entry 12 at CM/ECF 1-2.

The federal habeas corpus statute contains an exhaustion requirement.[2] 28 U.S.C. 2254(b) provides that, save certain exceptions not applicable here, a petition for writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him in state court. 28 U.S.C. 2254(c) provides that a petitioner shall not be deemed to have exhausted the remedies available to him if "he has the right ... to raise, by any available procedure, the question presented."

Liberally construing Marbley's pro se pleadings, and giving them as broad an interpretation as possible, he is attacking his Pulaski County Circuit Court conviction in case number 2018-2449. The record conclusively establishes that he is appealing his

---

[2] "The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" See Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) [quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)].

conviction in that case, and his direct appeal is presently before the state appellate courts. Thus, he is presently exhausting the remedies available to him in state court, and the petition at bar is premature. It should therefore be dismissed without prejudice.

Given the foregoing, the undersigned recommends that Kelley's motion to dismiss be granted and Marbley's petition be dismissed without prejudice. All requested relief should be denied, and judgment should be entered for Kelley.

DATED this 5th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE